UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re: Bahamas Island Consortium
Limited and Mirko Kovats

Case No: 6:23-mc-2-WWB-DCI

ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| MOTION: | Judicial Assistance to Obtain Evidence for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 |
| FILED: | January 17, 2023 |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

Bahamas Island Consortium Limited and Mirko Kovats (collectively, Petitioners) seek leave to serve Tavistock Group, Inc. (Tavistock) with a subpoena for use in foreign proceedings in the Bahamas. Doc. 1 (the Motion). The Motion is made *ex parte* pursuant to 28 U.S.C. § 1782.

To start, "[i]t is both common and proper for section 1782 applicants to apply for discovery assistance on an *ex parte* basis." *Matter of Colombo Agroindústria S.A.*, 2022 WL 2167719, at *1 (S.D. Fla. June 16, 2022) (citing *In re Clerici*, 481 F.3d 1324, 1337 (11th Cir. 2007)). An "individual from who discovery is sought may still object to requests after an *ex parte* application is granted[.]" *Gyptec, S.A. v. Hakim-Daccach*, 2017 WL 6557425, at *2 n.1 (S.D. Fla. Sep. 27, 2017).

A district court has the authority to grant an application for judicial assistance if the statutory requirements in § 1782(a) are met:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re Clerici*, 481 F.3d at 1331–1332 (footnotes omitted; quoting 28 U.S.C. § 1782(a)).

The Motion satisfies § 1782(a)'s requirements. As to the first requirement, Petitioners are the plaintiffs in a property dispute in the Bahamas, Doc. 1 at 3–6, so they are the quintessential "interested person[s]" under § 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782[.]"). As to the second and third requirements, Petitioners seek both a corporate representative deposition and documents "for use in a proceeding in a foreign . . . tribunal." 28 U.S.C. § 1782(a); Docs. 1-1; 2 at 7–8. As to the fourth requirement, Tavistock is alleged to be a Florida corporation with its principal place of business in this District. Doc. 1 at 3. Accordingly, the Court finds that all four requirements in § 1782(a) have been met.

Because the requirements of § 1782(a) have been met, the Court has the authority to grant the Motion, but "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp.*, 542 U.S. at 264 (citation omitted). The Supreme Court has noted factors for courts to consider in exercising the discretion granted under § 1782(a):

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome."

*In re Clerici*, 481 F.3d at 1334 (quoting *Intel Corp.*, 542 U.S. at 265).

The *Intel* factors weigh in favor of granting the Motion. First, Petitioners allege that Tavistock is not a party to the Bahamas litigation. Second, it appears that Bahamian courts are receptive to judicial assistance pursuant to § 1782. *See In re England/Bahamas*, 2021 WL 3270074, at *6 n.13 (S.D. Fla. July 30, 2021) ("Case law suggests that [] the Bahamas are receptive to § 1782 discovery, including deposition testimony.") (citations omitted). Third, "nothing in the [Motion] suggests that Petitioner is attempting to circumvent any proof-gathering restrictions of [Bahamian] law." *Colombo Agroindústria*, 2022 WL 2167719, at *3. Fourth, the requested discovery does not appear on its face to be unduly burdensome. *See id.*; *see* Doc. 1-1.

In sum, the Court finds that the requirements in § 1782(a) are met and that the *Intel* factors weigh in favor of granting the Motion. Accordingly, it is hereby **ORDERED** that:

1) The Motion (Doc. 1) is **GRANTED**;

2) Petitioners shall serve Tavistock with the subpoena attached to the Motion (Doc. 1-1);

3) Any discovery taken under this Order, including related motion practice, shall be governed by the Federal Rules of Civil Procedure;

4) Petitioners may seek leave of Court for additional relief as may be necessary to obtain the testimonial or documentary evidence described in the Motion;

5) Tavistock may seek appropriate relief from the Court, including relief related to the Motion, the subpoena, and this Order; and

6) The Clerk is directed to **CLOSE** this case.

**ORDERED** in Orlando, Florida on February 1, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE